UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERIC LEROY BOLTON**                                       **CIVIL ACTION**

**VERSUS**                                                  **NUMBER: 23-7339**

**WARREN MONTGOMERY**                                       **SECTION: "M" (5)**

**ORDER**

Plaintiff Eric Leroy Bolton filed this lawsuit in which he seeks "access to biological evidence for purposes of forensic DNA testing . . . ." (Rec. doc. 3 at 4). On January 11, 2024, the Clerk of Court sent summons to Plaintiff – who paid the filing fee and does not proceed *pro se* – to effect service on Defendant Warren Montgomery. (Rec. doc. 4). On February 6 and 29, 2024, respectively, Plaintiff filed a Certificate of Service and a Proof of Service, in both of which he attests that he mailed the summons to Montgomery via United States mail. (Rec. docs. 5, 6).

As noted, Plaintiff paid the full filing fee in this matter, and it was then incumbent on him to effect proper service on Montgomery. Fed. R. Civ. P. 4(c)(1). As the United States Fifth Circuit Court of Appeals recently noted, service may be effected in a variety of ways:

> Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve the defendant with process by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process;" or (4) by following state law. FED. R. CIV. P. 4(e).

*Calhoun v. City of Houston Police Dep't*, No. 20-20311, 2021 WL 1326703, at *3 (5th Cir. Apr. 8, 2021). However, regardless of the method used, a limitation is clear: A plaintiff may not effect service himself. On the contrary, the Federal Rules expressly state: "Any person

who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

Even if service by mail were otherwise proper, the fact that Plaintiff himself attempted service is alone fatal. *See, e.g., Constein v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010) ("Even when service is effected by use of the mail, *only a nonparty* can place the summons and complaint in the mail. Although one could question the wisdom of this requirement, *see* 4B Charles A. Wright & Arthur R. Miller, Federal Procedure & Practice § 1106 n.15 (3d ed. 2002), the rule contains no mailing exception to the nonparty requirement for service. And the limited history surrounding the relevant rules provisions confirms this reading." (emphasis added)); *Hailey v. Blackman*, Case No. 1:18-cv-464, 2020 WL 1250399, at *2 (W.D. Mich. Feb. 11, 2020) ("The fact that plaintiff used the prison mail system does not transform his personal mailing into third-party service."), *adopted*, 2020 WL 1248617 (W.D. Mich. Mar. 16, 2020); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) ("Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) effectuating service by Certified Mail via the Post Master General. . . . The court can find no authority . . . for the proposition that Congress ever contemplated carving a loophole into the procedural rules to permit a plaintiff to serve a defendant by indirectly effectuating service through the postal service." (quotation marks and brackets omitted)).

Accordingly, the Court will allow Plaintiff an additional 30 days within which to effect service on Montgomery through a professional process server – or by any other means allowed under Federal Rule of Civil Procedure 4. Alternatively, if he prefers, Plaintiff shall be allowed to file a motion for the appointment of the United States Marshal

to effect service on his behalf pursuant to Rule 4(c)(3). However, this method may not be the most efficient or cost-effective option available to Plaintiff.[1]

**IT IS ORDERED** that Plaintiff be given 30 days to either properly effect service on Montgomery or file a motion for the appointment of the United States Marshal to effect service on Montgomery.

**IT IS FURTHER ORDERED** that Record Document Nos. 5 and 6 be **STRICKEN** from the docket sheet.

New Orleans, Louisiana, this  4th  day of _____March_____, 2024.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff chooses this option, he will be required to pay the deposit required by the U.S. Marshal before service is made. *See* Local Rule 5.5 ("Upon deposit of a sum sufficient to cover the immediate costs, except as provided by law, the marshal is required to perform the service. The marshal may demand security in a reasonable amount for future costs.").