## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERIC LEROY BOLTON**                                                   **CIVIL ACTION**

**VERSUS**                                                                         **NUMBER: 23-7339**

**WARREN MONTGOMERY**                                          **SECTION: "M" (5)**

### ORDER

Before the Court is a Motion for Appointment of Counsel (rec. doc. 18) filed by
Plaintiff Eric Leroy Bolton.  Having reviewed the pleading and the case law, the Court rules
as follows.

### I.      Background

On January 8, 2024, Plaintiff filed his Complaint against J. Collin Sims, the District
Attorney for St. Tammany Parish, Louisiana.[1]  In his Complaint, Plaintiff alleges that during
his criminal trial in state court for an as-of-now unspecified crime, the District Attorney
showed bloody towels to the jury, creating the impression that Plaintiff had been injured
during an altercation in the vehicle that belonged to the victim of the crime.  (Rec. doc. 3-1
at 14).  Plaintiff complains that the District Attorney never revealed the presence of a
forensic report to prove whose blood and/or DNA was on the towels.  (*Id.*).  The blood
and/or DNA has since been tested, and the testing revealed that the blood and/or DNA
does not belong to Plaintiff or the victim of the crime.  (*Id.* at 6).[2]

Plaintiff has since moved many times in state court under Louisiana Code of
Criminal Procedure article 926.3 to have the blood and/or DNA uploaded into the

---

[1] The Complaint originally listed Warren Montgomery as the District Attorney for St. Tammany Parish.
However, J. Collin Sims has since been elected to serve in that position and is the current District Attorney for
the Parish.  On April 9, 2024, this Court granted Plaintiff's Motion to Amend the Name of Defendant and
substituted Sims for Montgomery.  (Rec. doc. 13).
[2] Even the state district court admits this fact.  (*Id.*).

Combined DNA Index System ("CODIS") and the state DNA databanks to determine to whom the blood and/or DNA belongs, but the state courts have concluded that Article 926.3 does not permit them to order such relief.  (*Id.* at 2-3, 6).  Plaintiff alleges that the state courts misconstrue Article 923.6 and refuse to order the District Attorney to upload the blood and/or DNA into CODIS and the state DNA databanks.  (*Id.* at 2-3).  Plaintiff alleges that such a refusal violates his state and federal due process rights.  (*Id.* at 2-3).  His ultimate prayer for relief states:

> Wherefore, Mr. Bolton prays this Honorable Court will find that the district attorney and the state court's interpretation of La. C. Cr. P. Art. 926.3, "as construed," violates Mr. Bolton's state and federal Constitutional rights to due process, access to the courts, and fundamental fairness, when they denied him the opportunity to have these towels tested and have the results uploaded into CODIS and the state DNA databank to determine whose blood is in his case and shown to the jury.

(*Id.* at 19).

## II.    Law and Analysis

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel."  Plaintiff has neither a constitutional nor an automatic right to appointed counsel in a civil case.  *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).  Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."  *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002).  Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil

case.  *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice.  *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166.   The plaintiff bears the burden of persuasion as to the necessity of such an appointment.  *See Caston,* 556 F.2d at 1310.

The evidence which must be adduced includes

(1)     plaintiff's indigence and
(2)     efforts made to secure counsel.

However, these are bare minimum *threshold* considerations.  Additionally, the Court should consider the following factors:

(a)     the type and complexity of the case;
(b)     whether the indigent is capable of presenting his case adequately;
(c)     whether he is in a position to investigate his case adequately; and
(d)     whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992);  *Ulmer*, 691 F.2d at 213.   The Court also considers whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.  *Id.*

It is unclear whether Plaintiff is indigent although he attests that he is.  Plaintiff paid the filing fee, but the Court recognizes that he has been incarcerated at the Louisiana State Penitentiary ("Angola") for at least ten years, thereby restricting his ability to earn any substantial income.   And while Plaintiff had counsel at times during the state-court proceedings, he has often proceeded *pro se* as he could not afford an attorney.  The Court finds that this is an unusually complex case that involves both Constitutional and state-law principles that will necessitate significant research and investigation.  It is certainly not the typical, run-of-the-mill Section 1983 case with which this Court is familiar.  The Court finds

that the appointment of counsel will be of service to the Court in briefing and/or sharpening the issues. The Court determines that counsel will also aid Plaintiff to present these highly legal issues to the Court in an effective and coherent manner to allow for the just and speedy resolution of Plaintiff's claims. This Court's cursory review of the case law that may potentially bear on Plaintiff's claims here reveals that the federal courts have wrestled with the types of claims that Plaintiff presents to this Court. The Court finds that efficient research and investigation – to which Plaintiff has limited access – by legally-trained counsel will assist this Court and the parties to resolve this lawsuit and advance the proper administration of justice.

III.    **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Appointment of Counsel (rec. doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before July 18, 2024, the FBA-NO Pilot Program Coordinator is to undertake a search for an attorney from the Civil Pro Bono Counsel Panel for the appointment and provide that attorney's name and contact information to the undersigned. Once that information is received, the Court will issue an order directing the Clerk of Court to designate that attorney on the docket sheet as counsel for Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this order to the Program Coordinator.

New Orleans, Louisiana, this _18th_ day of _____ June _____ 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**