UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERIC LEROY BOLTON 3332943** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 23-07339 |
| | * | |
| **WARREN MONTGOMERY, District Attorney** | * | SECTION "M" (5) |
| **For the 22nd Judicial District, Parish of** | * | |
| **St. Tammany** | * | |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes J. COLLIN SIMS,[1] District Attorney for the 22nd Judicial District, State of Louisiana, and submits the following answer and affirmative defenses in response to the Complaint.

1. The allegations in the first paragraph of the Plaintiff's pro se complaint concerning the actions of the District Attorney are denied. The allegations in the complaint directed to the actions of the District Court Judge, are not directed to the District Attorney, therefore, the allegations are denied.

2. The allegations in the second paragraph of the complaint are directed to the actions of the District Court Judge, not the District Attorney. To the extent that the allegations in this paragraph can be construed as being applicable to actions of the District Attorney, for which the District Attorney is legally responsible or liable, the allegations in the second paragraph of the complaint are denied.

---

[1] Warren L. Montgomery is deceased. J. Collin Sims, the successor to the office of District Attorney for the 22nd Judicial District is substituted as a party pursuant to Fed. R. Civ. Proc. 25(d).

1

3. The District Attorney denies the allegation that the District Attorney suppressed evidence. Upon information and belief DNA testing was performed on a "rag" at Mr. Bolton's request subsequent to his trial.

4. The District Attorney lacks sufficient information to form a belief as to the truth of the matter asserted in the fourth paragraph of the Plaintiff's complaint, therefore the allegations are denied.

5. The allegations in the fifth paragraph of the complaint are directed to the actions of the District Court Judge, not the District Attorney. To the extent that the allegations in this paragraph can be construed as being applicable to actions of the District Attorney, for which the District Attorney is legally responsible or liable, the allegations in the fifth paragraph of the complaint are denied.

6. The allegations in the sixth paragraph of the complaint are directed to the actions of the District Court Judge, not the District Attorney. To the extent that the allegations in this paragraph can be construed as being applicable to actions of the District Attorney, for which the District Attorney is legally responsible or liable, the allegations in the sixth paragraph of the complaint are denied.

7. To the extent the Plaintiff seeks to incorporate by reference allegations made in a memorandum in his complaint, the Defendant objects. Without waiving this objection, the allegations in the Plaintiffs' memorandum are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to allege a cause of action upon which relief can be granted.

### SECOND DEFENSE

J. COLLIN SIMS is the District Attorney for the 22nd Judicial District for the State of Louisiana. The claims asserted against J. COLLIN SIMS in his official capacity as the District Attorney for the 22nd Judicial District for the State of Louisiana are based exclusively on actions taken within the course and scope of the duties of the District Attorney for the 22nd Judicial District, State of Louisiana. Therefore, the doctrine of absolute prosecutorial immunity bars the Plaintiff's suit.

### THIRD DEFENSE

Defendant J. COLLIN SIMS asserts that the claims asserted against him are based on actions of others, for whom he cannot be found to be vicariously liable because claims based on vicarious liability are not recognized under 42 U.S.C. § 1983.

### FOURTH DEFENSE

Plaintiff's claims are barred by the *Younger* abstention doctrine.

### FIFTH DEFENSE

Plaintiff's complaint fails to articulate a cause of action under 42 U.S.C. § 1983, and/or any other provision of state or federal law.

### SIXTH DEFENSE

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

### SEVENTH DEFENSE

Defendant assert that at all times he acted in his official capacity as District Attorney for the 22nd Judicial District, and that he acted reasonably and proper, in good faith and fully

complied with all duties imposed by law; and, therefore the responding party is not liable for any of the acts or omissions that form the basis for the Plaintiff's complaint.

## EIGHTH DEFENSE

Defendant is entitled to and hereby pleads the statutory limitation of liability, cost and interest as set forth in La. R.S. 13:5106 and La. R.S. 13:5112, as well as any other applicable statutory or jurisprudential limitation of liability.

## NINTH DEFENSE

Defendant avers that he is entitled to an award against plaintiff of all attorney fees and costs expended in the defense of this matter pursuant to federal and/or state law including, if applicable, pursuant to 42 U.S.C. §1988(b).

## TENTH DEFENSE

The Defendant reserves the right to assert additional affirmative defenses subject to any limitation imposed by the Federal Rules of Civil Procedure, and/or the Court.

## ELEVENTH DEFENSE

Defendant specifically avers that any and all affirmative defenses specifically enumerated in Federal Rule of Civil Procedure article 8(c), which are applicable to this case and/or any and all affirmative defenses recognized by the jurisprudence, and these are plead herein as if copied in extenso to the extent that they apply.

**WHEREFORE,** Defendant, prays that this Answer and Affirmative Defenses be deemed good and sufficient and after all due proceedings are had, that there be judgment herein dismissing the Plaintiff's claims, and awarding J. COLLIN SIMS, in his official capacity as District Attorney for the 22nd Judicial District, State of Louisiana, court costs, attorneys' fees, and all other general and equitable relief that this Court deems proper.

Respectfully submitted:

/s/ James J. Bolner, Jr.
**JAMES J. BOLNER, JR. (La. Bar Roll No. 21485)**
**MATTHEW CAPLAN (La. Bar Roll No. 31650)**
Assistant District Attorney – 22nd Judicial District
21454 Koop Drive, Suite 2G
Mandeville, Louisiana 70471
Telephone: (985) 898-3427
Facsimile (985) 867-5124
Email: jjbolner@22da.com
mcaplan@22da.com
*Counsel for J. Collin Sims*