UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ERIC LEROY BOLTON 3332943 | * | CIVIL ACTION |
|---|---|---|
| | * | |
| | * | NO. 23-07339 |
| VERSUS | * | |
| | * | SECTION "M" (5) |
| WARREN MONTGOMERY, | * | |
| District Attorney For the 22nd | * | UNITED STATES MAGISTRATE |
| Judicial District, Parish of St. | * | JUDGE MICHAEL B. NORTH |
| Tammany | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Eleventh Amendment to the Constitution of the United States protects states from suit in federal court. *Corn v. Mississippi Department of Public Safety*, 954 F.3d 268 (2020). It specifically provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although the wording of the Eleventh Amendment prohibits federal courts from hearing cases brought against a state by a citizen of another state, the United States Supreme Court extended its interpretation of the Amendment to suits against a state by its own citizens. *Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)*. The goal was to protect state sovereignty and maintain a balance of power between the states and federal government. *Alden v. Maine, 527 U.S. 706 (1999)*. In other words, the Eleventh Amendment was ratified to preclude federal courts from telling states what to do. What complainant Bolton seeks- for this federal court to tell the state crime lab what to do with outside evidence- falls well within the scope of what the Eleventh Amendment was intended to prohibit.

Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)*. Defendant, Louisiana Department of Public Safety And Corrections, Public Safety Services, Office of State Police (LSP), is a state agency of the State of Louisiana. An office or agency created by the legislature or established by the constitution is considered a state office or agency. *Department of State Civil Service v. Housing Authority of East Baton Rouge, 673 So.2d 726 (1996)*.

In this case, Louisiana Department of Public Safety and Corrections was created by statute under the authority of the Constitution of Louisiana. To wit, Louisiana Constitution Art. 2, sec. 1 outlines the three branches of government- judicial, legislative and executive. Further, Louisiana Constitution Art. 4, sec. 1 sets out the composition of the executive branch. La. R.S. 36:4(8) recognizes the Louisiana Department of Public Safety and Corrections as a state agency and part of the executive branch. The LSP Crime Lab, is statutorily established at La. R.S. 15:577 and 578. Finally, the courts have recognized LSP as a department of the executive branch. *Johnson v. Louisiana Department of Public Safety and Corrections, 304 So.3d 426 (2020)*. State agencies enjoy the same immunity from suit in federal courts as do the states themselves. *Moore v. Louisiana Board of Elementary and Secondary Education*, 743 F.3d 959 (2014). As a result, this court does not have jurisdiction over the claim made by Bolton against LSP. The relief he seeks should be denied and dismissed with prejudice in its entirety.

As such, pursuant to F.R.C.P. Rule 12(b) (1) LSP should be dismissed from this suit, with prejudice, due to lack of subject matter jurisdiction with all costs to be borne by Bolton.

Respectfully submitted,

**Louisiana Department of Public Safety, Public Safety Services, Office of State Police**

_____
Faye Dysart Morrison
La. Bar Roll No. 23049
P. O. Box 66614, Drawer A-6
Baton Rouge, Louisiana 70896
Phone (225) 925-6103
Fax (225) 925-4624

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

_____
**Faye D. Morrison**