**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ERIC LEROY BOLTON #332943** | * | **CIVIL ACTION NO. 23-07339** |
| | * | |
| **VERSUS** | * | **SECTION "M" (5)** |
| | * | |
| **WARREN MONTGOMERY** | * | **UNITED STATES MAGISTRATE** |
| District Attorney, Parish of St. Tammany | * | **JUDGE MICHAEL B. NORTH** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**MAY IT PLEASE THE COURT:**

Plaintiff Eric Bolton submits this Memorandum in Opposition to Defendant's Louisiana State Police's Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the reasons set forth below, Plaintiff respectfully requests that Defendant Louisiana State Police's Motion be denied.

**I.    Mr. Bolton's claims are not barred by the Eleventh Amendment.**

Whether an entity is considered a "state" for purposes of sovereign immunity protection in federal court requires consideration of numerous factors, including "the statute creating the particular agency, whether the defendant has state-court immunity, decisions by the state courts, and decisions involving such agencies in other states." 13 Fed. Prac. & Proc. Juris. § 3524.2 (3d ed.); see also *Raj v. Louisiana State University*, 714 F.3d 322, 328-329 (5th Cir. 2013).

While Plaintiff acknowledges that based on precedent in this district and circuit, the Louisiana State Police is likely a state agency, and thus a beneficiary of sovereign immunity protection, that does not end the inquiry, as courts have not yet construed whether the enactment of Louisiana Code of Criminal Procedure Article 926.3 constitutes a waiver of immunity.

Article 926.3 provides that if a petitioner, in a contradictory hearing, establishes that good cause exists for the testing or examination of evidence "in the custody and control of the clerk of

court, the state, or the investigating law enforcement agency," "a motion made under this Article shall be granted." La. Code Crim. Proc. Ann. art. 926.3. By its terms, the statute expressly contemplates suits against the State of Louisiana since the statute explicitly invokes "the state" or the "investigating law enforcement agency" as parties in interest to an Article 926.3 motion.

Waiver can be found not only by "express language" in the text but by "overwhelming implication as [will] leave no room for any other reasonable construction." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 299 (1990) (alteration in the original). Alternatively, the state can *constructively* waive Eleventh Amendment immunity. *See Parden v. Terminal Ry. of Ala. State Docks Dept.*, 377 U.S. 184 (1964); but see *Employees of the Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare*, 411 U.S. 279 (1973).

Here, Plaintiff's claims are brought against the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, as the Louisiana State Police is the statutorily appointed administrator of Louisiana's DNA database. R. Doc. 32 p. 1. The claims made in the instant suit fall under the ambit of Article 926.3, in that Plaintiff moves that good cause exists for the examination of evidence, and is brought in this forum because the State is in violation of Plaintiff's substantive due process rights for its failure to act under Article 926.3. Therefore, the State has waived its claim for immunity by authorizing suits pursuant to Article 926.3, and the Motion should therefore be denied.

**II.     Leave to amend the Petition should be granted.**

In the alternative, in the event that the Court is inclined to grant the Motion to Dismiss, Plaintiff Eric Bolton moves for leave to amend his Complaint to add state officials in their official capacity in order to invoke the *Ex parte Young* exception to sovereign immunity. 209 U.S. 123 (1908). *Ex parte Young* applies where three requirements are present: (1) the claim names a state

official in his/her official capacity; (2) the claim alleges an ongoing violation of federal law; and (3) the claim seeks prospective relief. *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 451 (5th Cir. 2022). Plaintiff should be permitted to amend his petition to set forth claims that meet these requirements.

    WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss (R. Doc. 39), or in the alternative grant leave to amend the Petition.

    Respectfully submitted,

    **Forman Watkins & Krutz LLP**

    */s/ Margaret W. McLaughlin* _____
    MCCANN E. LEFEVE (#33942)
    MARGARET W. MCLAUGHLIN (#38345)
    201 ST. CHARLES AVE., STE. 2100
    NEW ORLEANS, LA 70170
    TELEPHONE: (504) 799-4383
    FACSIMILE: (504) 799-4384

    **ATTORNEYS FOR PLAINTIFF**