UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC LEROY BOLTON     Plaintiff | * * * | NUMBER 23-07339 |
| VERSUS | * * | JUDGE MICHAEL B. NORTH |
| WARREN MONTGOMERY     Defendants | * * * | UNITED STATES MAGISTRATE JUDGE |

**************************************

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

May it please the court: In response to Bolton's Opposition to the LSP's Motion to Dismiss, asserts two points: first, neither La. C.Cr.P. art. 926.1 nor 926.3 in any way references uploading the results of evidence testing to the CODIS database. Second, allowing Bolton to amend his complaint would be futile.

Neither La. C.Cr.P. art. 926.1 nor 926.3 in any way references uploading the results of evidence testing to the CODIS database. Therefore, the statute in no way provides any waiver of sovereign immunity on behalf of LSP for the claim asserted herein. Bolton has already obtained the relief envisioned by La. C.Cr.P. art. 926.1 and 926.3. He has obtained the evidence and had the evidence tested as set out in those two articles. Bolton seeks something more herein; namely, the additional step of giving him access to the CODIS database. There is no statutory or other authority to allow such relief. This is just the type of claim intended to be barred by the Eleventh Amendment.

Allowing Bolton to amend his complaint would be futile. Naming "state officials" in their individual capacities would not provide Bolton any relief because, in their individual capacity, any

named official would not have authority to access the CODIS database. His claim is not against an individual. What he wants he needs from the state.

Further, if named in their official capacity, "state officials" may only be sued in federal court to address an ongoing federal violation. Bolton has not identified a federal violation being committed by these, as of yet unnamed, state officials. Moreover the relief he seeks is not to remedy am ongoing federal violation. His prayer for relief is fairly specific and it is to compel LSP (or one of its officials) to upload the DNA profile he developed into the CODIS database. He wants a state actor to do a state function. The relief he seeks does not address a federal violation that would allow for the fiction of *Ex Parte Young* to apply.

As such, pursuant to Federal Rule of Civil Procedure 12(b)(1), LSP should be dismissed from this suit, due to lack of subject matter jurisdiction and the request for leave to amend the complaint should be denied as futile.

Respectfully submitted,

**Louisiana Department of Public Safety, Public Safety Services, Office of State Police**

Faye Dysart Morrison
La. Bar Roll No. 23049
P. O. Box 66614, Drawer A-6
Baton Rouge, Louisiana 70896
Phone (225) 925-6103
Fax (225) 925-4624

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13rd day of January, 2025, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

Faye Dysart Morrison