UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERIC LEROY BOLTON #332943** | * | **CIVIL ACTION NO. 23-07339** |
| | * | |
| **VERSUS** | * | **SECTION "M" (5)** |
| | * | |
| **WARREN MONTGOMERY** | * | **UNITED STATES MAGISTRATE** |
| District Attorney, Parish of St. Tammany | * | **JUDGE MICHAEL B. NORTH** |

### JOINT MOTION FOR ADMINISTRATIVE STAY

**NOW INTO COURT**, through undersigned counsel, come Plaintiff, Eric Bolton, and Defendant J. Collin Sims, District Attorney for the 22nd Judicial District, State of Louisiana, who jointly move for an administrative stay of the above-captioned proceeding.

1.

Plaintiff Eric Bolton filed his original Section 1983 complaint in this Court on January 8, 2024, alleging state and local actors, in their official capacities, unconstitutionally deprived him of his due process rights. Specifically, Plaintiff asserts that Louisiana Code of Criminal Procedure article 926 was misconstrued when his post-conviction request for the entry of previously tested DNA evidence into CODIS and the state DNA databank was denied. [Rec. Doc. 3.]

2.

On February 14, 2025, the Court determined that the underlying action is controlled by U.S. Supreme Court precedent *Skinner v. Switzer*, 532 U.S. 521 (2011) and ordered the parties to brief the issues for adjudication on cross-motions for summary judgment. [Rec. Doc. 47.]

3.

The deadline to file summary judgments has been extended while the parties have engaged in ongoing efforts to resolve the claim.

1

4.

More specifically, Plaintiff learned that the Louisiana State Police, as custodian of the CODIS database on behalf of the State of Louisiana, requires that DNA testing be performed by certain state crime laboratory partners in order for the evidence to be entered in CODIS. Subsequently, the parties reached an agreement that the District Attorney would not oppose Plaintiff requesting that the DNA evidence be retested by one of the requisite state crime laboratories, so long as Plaintiff did not seek state funds to accomplish it.[1] As a result, Plaintiff researched the cost of testing with various approved crime labs and then raised the necessary funds to cover the cost of testing at the North Louisiana Criminalistics Laboratory.

5.

Once Plaintiff had adequate funds, he filed an Unopposed Motion to Release Evidence and Motion for Testing Pursuant to La. C. Cr. P. art. 926.3 to release the relevant evidence to the North Louisiana Criminalistics Laboratory in his state court criminal action on August 11, 2025, reflecting the agreement between the parties to proceed with additional testing in order to make the results eligible for CODIS.[2]

6.

On August 14, 2025, Plaintiff's Unopposed Motion was denied on the bases that "[t]he Court will not order the state to do DNA testing, which they obviously chose not to do nearly 16 years ago. The Court gave Defendant permission to have the 'washcloth' tested privately, but defendant for whatever reason, has chosen not to follow through with the testing."[3]

---

[1] *See* Correspondence between J. Bolner and M. McLaughlin, attached hereto as *in globo* Exhibit A.
[2] *See* Plaintiff's *pro se* Unopposed Motion to Release Evidence and Motion for Testing Pursuant to La. C. Cr. P. art. 926.3 and Order denying same, attached hereto as *in globo* Exhibit B.
[3] *See*, Exhibit B.

7.

As a result, on September 4, 2025, Plaintiff filed an Unopposed Motion for Rehearing with the intention of emphasizing the unopposed nature of the request and clarifying that Plaintiff already accomplished private testing, now seeks testing which the state DNA laboratory confirmed can be uploaded to CODIS, and has not requested state funds but intends to pay for the additional testing himself.[4] To the best of Plaintiff's knowledge, the Court has not yet ruled on this Motion.

8.

Plaintiff's Motion for Summary Judgment in the underlying action is now due on September 12, 2025 with Defendant's Cross-Motion due 30 days thereafter. [Rec. Doc. 57.] However, because the ongoing state court proceedings could resolve the issues currently pending before this Court, the parties jointly request an administrative stay of the underlying action.

9.

Accordingly, Movants respectfully request that the Court administratively stay the underlying litigation for ninety (90) days pending the resolution of the post-conviction request made in the state court on August 11, 2025. On or before the expiration of this ninety (90) day period, the parties will provide a status report to the Court as to the proceedings in the state court action and whether additional time may be needed to resolve this matter or whether the matter should be returned to the Court's active docket for further proceedings.

**WHEREFORE**, Plaintiff, Eric Bolton, and Defendant, J. Collin Sims, District Attorney of the Parish of St. Tammany, respectfully request that their motion be granted and that this Court administratively stay this proceeding.

---

[4] *See* Plaintiff's *pro se* Motion for Rehearing, attached hereto as Exhibit C.

Respectfully submitted,

**Forman Watkins & Krutz LLP**
*/s/McCann E. LeFeve*
MCCANN E. LEFEVE (#33942)
MARGARET W. MCLAUGHLIN (#38345)
201 ST. CHARLES AVE., STE. 2100
NEW ORLEANS, LA  70170
TELEPHONE: (504) 799-4383
FACSIMILE: (504) 799-4384
*Counsel for Plaintiff*

AND

*/s/James J. Bolner, Jr.*
**JAMES J. BOLNER, JR. (#21485)**
**MATTHEW CAPLAN (#31650)**
Assistant District Attorney – 22nd Judicial District
21454 Koop Drive, Suite 2G
Mandeville, Louisiana 70471
Telephone: (985) 898-34527
Facsimile: (985) 867-5124
Email: jjbolner@22da.com
mcaplan@22da.com
*Counsel for District Attorney J. Collin Sims*

4